FILED
APR 1 3 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW ROBERT YOUNG,       )
                            )    Civil No. 08-1138-PK
          Plaintiff,        )
                            )
     v.                     )
                            )
MARK NOOTH, SRCI            )    ORDER
Superintendent, GUY HALL,   )
TRCI Superintendent, ELLIOTT )
BLAKESLEE, SRCI Doctor, and )
MS. DEAN, SRCI Records      )
Specialist,                 )
                            )
          Defendants.       )

PAPAK, Magistrate Judge.

     Before this court are plaintiff's motions for appointment of

counsel (#3 & #13) and motion for summary judgment/judgment on the

pleadings (#17).   For the reasons set forth below, plaintiff's

motions are DENIED.

     Generally, there is no constitutional right to counsel in a

civil case.   United States v. 30.64 Acres of Land, 795 F.2d 796,

     1 - ORDER

801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e),
this court has discretion to request volunteer counsel for indigent
plaintiffs in exceptional circumstances.  Id.; Wood v. Housewright,
900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789
F.2d 1328, 1331 (9th Cir. 1986).  While this court may request
volunteer counsel in exceptional cases, it has no power to make a
mandatory appointment.  Mallard v. U.S. Dist. Court of Iowa, 490
U.S. 296, 301-08 (1989).

        In order to determine whether exceptional circumstances exist,
this court evaluates the plaintiff's likelihood of success on the
merits and the ability of the plaintiff to articulate his or her
claim pro se in light of the complexity of the legal issues
involved.  Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331;
Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988) (quoting
Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  However,
"[n]either of these factors is dispositive and both must be viewed
together before reaching a decision on request of counsel under
[former] section 1915(d)."  Wilborn, 789 F.2d at 1331; Terrell v.
Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

        Plaintiff has demonstrated sufficient ability to articulate
his claims.  The facts and legal issues involved are not of
substantial complexity.  Accordingly, at this stage of the
proceeding, there are no exceptional circumstances that require the
appointment of counsel under § 1915(e).

        2 - ORDER

## CONCLUSION

Based on the foregoing, plaintiff's motions for appointment of counsel (#3 & #13) are DENIED.  In addition, because defendants have not yet been served, plaintiff's motion for summary judgment/judgment on the pleadings (#17) is DENIED as premature.

IT IS SO ORDERED.

DATED this 13th day of April, 2009.

_____
Paul Papak
United States Magistrate Judge

3 - ORDER