IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW ROBERT YOUNG,                          3:08-CV-1138-PK

        Plaintiff,                           ORDER

v.

MARK NOOTH, Superintendent of
Snake River Correctional
Institution; DEPARTMENT OF
RISK MANAGEMENT
ADMINISTRATIVE SERVICES,
INMATE CLAIMS UNIT; GUY HALL,
Superintendent of Two Rivers
Correctional Institution;
JODEAN ELLIOT-BLAKESLEE;
PEGGY DEAN; SHIRLEY HODGE;
JUDY GILMORE; THERESA HICKS;
and CAROL ROBERTS,

        Defendants.


MATTHEW ROBERT YOUNG
6242666
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505

        Plaintiff, *Pro Se*


1 - ORDER

**JOHN R. KROGER**
Oregon Attorney General
**KRISTIN A. WINGES-YANEZ**
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

Attorneys for Defendants

**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and Recommendation (#88) on July 18, 2011, in which he recommends the Court deny Plaintiff's Motion (#34) for Summary Judgment, grant Defendants' Motion (#59) for Summary Judgment, and dismiss this matter in its entirety with prejudice. Plaintiff filed timely Objections (#97) to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). For those portions of the Findings and Recommendation to which the parties do not object, the Court is relieved of its obligation to review the record *de novo* as to that portion of the Findings and

2 - ORDER

Recommendation.  *Reyna-Tapia*, 328 F.3d at 1121.

## BACKGROUND

On September 29, 2008, Plaintiff *pro se* filed his Complaint seeking redress under 42 U.S.C. § 1983 against Defendants Mark Nooth, Max Williams, Hardy Myers, Lester R. Huntsinger, Julie E. Frantz, Patricia Sullivan, Burdette J. Pratt, and the Department of Risk Management Administrative Services Inmate Claims Unit for numerous alleged violations of his constitutional rights related to his criminal conviction and subsequent incarceration at Two Rivers Correctional Institution (TRCI) and Snake River Correctional Institution (SRCI).  On December 10, 2008, the Court issued an Opinion and Order in which it dismissed Plaintiff's Complaint in its entirety without prejudice and permitted Plaintiff to file an amended complaint to cure the defects consistent with that Opinion and Order.

On March 24, 2009, Plaintiff filed his Amended Complaint against Defendants Mark Nooth, Guy Hall, "Risk Management," Jodean Elliott-Blakeslee, Peggy Dean, Shirley Hodge, Judy Gilmore, Teresa Hicks, and Carol Roberts.  Plaintiff asserts Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments while he was a prisoner at TRCI and SRCI.  Although Plaintiff's Amended Complaint is styled as five separate claims for relief, the Magistrate Judge concluded

Plaintiff actually only states two separate claims, both under § 1983:  (1) against Defendant Carol Roberts, SRCI Support Services Specialist, specifically, for deprivation of Plaintiff's right to meaningful access to the courts in violation of the First Amendment and (2) against Defendant Hall, TRCI Superintendent; Defendant Nooth, SCRCI Superintendent; Defendant Gilmore, SRCI Assistant Superintendent; and SCRCI staff, Defendants Elliot-Blakeslee, Dean, Hicks, and Hodge for deliberate indifference to Plaintiff's serious medical needs in violation of the Eight Amendment prohibition against cruel and unusual punishment.

On May 21, 2010, Plaintiff filed his Motion for Summary Judgment as to each of his claims.  On October 8, 2010, Defendants filed their Motion for Summary Judgment as to each of Plaintiff's claims.[1]

On July 18, 2011, the Magistrate Judge issued Findings and Recommendation in which he recommends the Court:  (1) grant Defendants' Motion for Summary Judgment as to Plaintiff's First Claim for deprivation of Plaintiff's First Amendment right to meaningful access to the courts; (2) grant Defendants' Motion for Summary Judgment as to Plaintiff's Second Claim for deliberate

---

[1] On August 27, 2010, the Court sent Plaintiff a Summary Judgment Advice Notice (#50), which explains Plaintiff's burdens and responsibilities in responding to a motion for summary judgment.

4 - ORDER

indifference to his serious medical needs with respect to TRCI
and SRCI Defendants; (3) grant Defendants' Motion for Summary
Judgment as to Plaintiff's Claim against Defendant Oregon
Department of Risk Management Administrative Services, Inmate
Claims Unit, on the ground that it is entitled to sovereign
immunity as an agency of the State of Oregon; and (4) dismiss
this matter in its entirety with prejudice.

On August 10, 2011, Plaintiff filed timely Objections to the
Findings and Recommendation.

## STANDARDS

Summary judgment is appropriate when "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." *Washington Mut. Ins. v. United
States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R.
Civ. P. 56(a). The moving party must show the absence of a
dispute as to a material fact. *Rivera v. Philip Morris, Inc.*,
395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly
supported motion for summary judgment, the nonmoving party must
go beyond the pleadings and show there is a genuine dispute as to
a material fact for trial. *Id.*

A dispute as to a material fact is genuine "if the evidence
is such that a reasonable jury could return a verdict for the
nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d

1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby,*
*Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all
reasonable inferences in favor of the nonmoving party.  *Sluimer*
*v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary
judgment cannot be granted where contrary inferences may be drawn
from the evidence as to material issues." *Easter v. Am. W. Fin.*,
381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts*
*Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598
(9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine
dispute as to a material fact exists "will not preclude the grant
of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No.
2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20,
2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir.
1987)).  *See also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389
(9th Cir. 1990).  When the nonmoving party's claims are factually
implausible, that party must "come forward with more persuasive
evidence than otherwise would be necessary." *LVRC Holdings LLC*
*v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge*
*Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense
determines whether a fact is material.  *Miller v. Glenn Miller*
*Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the
resolution of a factual dispute would not affect the outcome of

the claim, the court may grant summary judgment.  *Id.*

## DISCUSSION

Plaintiff raises numerous Objections to the Magistrate Judge's Findings and Recommendation, which the Court will address in four categories:  general Objections to the Findings and Recommendation, Objections to the recommendation to dismiss Plaintiff's First Claim for denial of meaningful access to the courts, Objections to the recommendation to dismiss Plaintiff's claim for deliberate indifference to his serious medical needs, and Objections to the recommendation to dismiss Plaintiff's claims against Defendant Risk Management on the ground that it is immune to a lawsuit by Plaintiff.

## I.    Plaintiff's General Objections.

Plaintiff makes the following general Objections to the Magistrate Judge's Findings and Recommendation:  (1) the Magistrate Judge referred to Plaintiff as "Young" rather than as "Plaintiff"; (2) the Magistrate Judge did not cite to the record to support his factual findings; and (3) the Magistrate Judge did not make any findings of fact but instead used equivocal language when discussing factual issues.

### A.    Use of Plaintiff's Surname.

Plaintiff objects to the Magistrate Judge's use of his surname, Young, to refer to Plaintiff and maintains the reference

demonstrates a lack of impartiality on the part of the Magistrate Judge.  Plaintiff does not offer any support for his contention. The Court has reviewed the entire record *de novo* and does not find any indication of a lack of impartiality on the part of the Magistrate Judge.  Thus, the Court concludes this Objection does not provide a basis to modify or to reject the Findings and Recommendation.

      **B.    Lack of Citation to the Factual Record.**

Plaintiff also objects to the Findings and Recommendation on the ground that the Magistrate Judge did not provide citations to the record in support of his analysis of the factual issues. Plaintiff contends a reviewing Court will not be able to fairly assess the factual findings by the Magistrate Judge.  The Court, however, notes the Magistrate Judge is not bound to provide specific citations to the record.  In addition, any reviewing court, including this one, has access to all of the materials that have been filed in the record.  Here the Court must review *de novo* the entire record in its consideration of Plaintiff's Objections to determine whether the record contains evidence that disputes any material fact and prohibits granting summary judgment.  Thus, the Court would rely on the record as a whole in addition to the Magistrate Judge's citations in any event. Accordingly, the Court concludes this Objection does not provide a basis to modify or to reject the Findings and Recommendation.

C.    "Equivocal" Findings.

Plaintiff also objects to the Findings and Recommendation on the ground that the Magistrate Judge made equivocal findings of fact by the use of phrases such as "it appears" Plaintiff made a statement or Plaintiff "might have" taken some action.  The Court will address Plaintiff's specific factual contentions below.  As a general matter, however, to resolve a motion for summary judgment the Court must make an evaluation of the factual record and determine whether the parties have met their burdens to prove the existence or nonexistence of disputed material facts.  When the record is not clear on certain matters, the use of such equivocal language is not error.  Thus, the Court concludes this Objection is not a basis to modify or to reject the Findings and Recommendation.

II.   **Plaintiff's First Claim for Denial of Meaningful Access to the Courts.**

In his First Claim Plaintiff contends SRCI, and Defendant Roberts in particular, made fraudulent and unlawful deductions from Plaintiff's prisoner trust account on or about August 14 and August 18, 2008, that prevented him from paying a filing fee for a Writ of Mandamus that he filed with the Oregon Supreme Court to challenge the sentence he was serving.

The Magistrate Judge recommends the Court deny Plaintiff's Motion for Summary Judgment and grant Defendants' Motion with respect to Plaintiff's First Claim on the ground that Plaintiff

9 - ORDER

has not demonstrated a material issue of fact exists as to
Defendants' purported denial of Plaintiff's access to the courts.
The Magistrate Judge reviewed in detail the records submitted
with the Declarations of Dick Hawks (#62), the Manager of Oregon
Department of Corrections (ODOC) Central Trust, and Maureen
Rossi-Hill (#64), which show the activity in Plaintiff's trust
account and the charges made against Plaintiff's account.
Findings and Recommendation at 3-7. Ultimately the Magistrate
Judge concluded even if Plaintiff were correct that Defendants
made some unlawful withdrawals from his trust account, Plaintiff
has not shown any actual constitutional injury because the record
reflects he had in his account sufficient funds to satisfy the
$39.00 filing fee required by the Oregon Supreme Court.  *See*
*Lewis v. Casey,* 518 U.S. 343, 349-54 (1996)(requiring a prisoner
claiming a First Amendment violation for lack of meaningful
access to the courts to demonstrate actual injury by showing how
he was hindered in his efforts to pursue a legal claim, which "is
not satisfied by just any type of frustrated legal claim").

Plaintiff objects to the Magistrate Judge's Findings and
Recommendation on the following grounds:  (1) the account
information relied on by the Magistrate Judge is not in the
record and (2) the Magistrate Judge's use of the phrase "hoist by
his own petard" was inappropriate.

Plaintiff attached 67 pages of exhibits to his Amended

10 - ORDER

Complaint (#16). Page 65 of his exhibits tracks the filings in
Plaintiff's Petition for Writ of Mandamus, which was being
reviewed by the Oregon Supreme Court. The record reflects
Plaintiff filed his Petition on June 20, 2008, and that the
Oregon Supreme Court informed Plaintiff of the required filing
fee on June 23, 2008. Plaintiff moved for a waiver of that fee
on June 30, 2008. On July 23, 2008, the court denied Plaintiff's
petition for writ of mandamus. The court subsequently denied
Plaintiff's motion for a waiver of the filing fee on July 31,
2008.

Plaintiff alleged unlawful withdrawals from his account
occurred in August 2008; Plaintiff's records reflect the case was
entirely resolved by July 31, 2008; and the records submitted by
Defendants reflect Plaintiff had sufficient funds in his account
to pay the $39.00 filing fee at several times during June and
July 2008. The Magistrate Judge concluded "Young is thereby
hoist[ed] by his own petard, in that the docket entry clearly
indicates that the Oregon Supreme Court denied Young's petition
for writ of mandamus in a 'Case Dispositional Decision' effective
July 23, 2008, more than three weeks before the allegedly
wrongful withdrawals from Young's inmate trust account took
place." Although Plaintiff contends the Magistrate Judge's use
of the term "petard" is somehow pejorative, the Court concludes
the Magistrate Judge merely intended to indicate that Plaintiff's

11 - ORDER

own records undermine his claim.

For these reasons, the Court concludes Plaintiff's
Objections do not provide a basis to modify or to reject the
Findings and Recommendations with respect to Plaintiff's First
Claim.

### III.  Plaintiff's Second Claim for Deliberate Indifference to His Serious Medical Needs.

In his Second Claim Plaintiff contends the TRCI and SRCI
Defendants violated his Eighth Amendment right to be free of
cruel and unusual punishment by intentionally denying and
delaying treatment of the numbness and pain associated with a
lower-back injury he suffered in April 2006.  Plaintiff contends
he did not receive any medical treatment while he was
incarcerated at TRCI from July to December 2006 and his care was
delayed and inadequate in addressing his medical needs after his
transfer to SRCI in December 2006.  The Court resolves the claims
against TRCI and SRCI and Plaintiff's Objections to those
portions of the Findings and Recommendation separately.

The Supreme Court held in *Estelle v. Gamble*:

> [D]eliberate indifference to serious medical
> needs of prisoners constitutes the
> "unnecessary and wanton infliction of pain,"
> *Gregg v. Georgia*, supra, at 173, 96 S. Ct. at
> 2925 (joint opinion), proscribed by the
> Eighth Amendment.  This is true whether the
> indifference is manifested by prison doctors
> in their response to the prisoner's needs or
> by prison guards in intentionally denying or
> delaying access to medical care or
> intentionally interfering with the treatment

once prescribed.  Regardless of how
evidenced, deliberate indifference to a
prisoner's serious illness or injury states a
cause of action under § 1983.

429 U.S. 97, 104-05 (footnotes omitted).

In *McGuckin v. Smith* the Ninth Circuit held deliberate

indifference to a prisoner's serious medical needs

> may appear when prison officials deny, delay
> or intentionally interfere with medical
> treatment, or it may be shown by the way in
> which prison physicians provide medical
> care." *Hutchinson*, 838 F.2d at 394.
> However, "[m]ere negligence in diagnosing or
> treating a medical condition, without more,
> does not violate a prisoner's Eighth
> Amendment rights." *Id.* "Medical malpractice
> does not become a constitutional violation
> merely because the victim is a prisoner.

974 F.2d 1050, 1059 (9th Cir. 1992)(overruled on other grounds).

As the Magistrate Judge points out, the Ninth Circuit set out in

detail the standards for addressing the two prongs of such a

claim:

> A "serious" medical need exists if the
> failure to treat a prisoner's condition could
> result in further significant injury or the
> "unnecessary and wanton infliction of pain".
> *Gamble*, 429 U.S. at 104, 97 S. Ct. at 291.
> Either result is not the type of "routine
> discomfort [that] is 'part of the penalty
> that criminal offenders pay for their
> offenses against society.'" *Hudson*, 503 U.S.
> at ----, 112 S. Ct. at 1000 (quoting *Rhodes
> v. Chapman*, 452 U.S. 337, 347, 101 S. Ct.
> 2392, 2399, 69 L. Ed. 2d 59 (1981)).  The
> existence of an injury that a reasonable
> doctor or patient would find important and
> worthy of comment or treatment; the presence
> of a medical condition that significantly
> affects an individual's daily activities; or

the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir.1989).

Once the prisoner's medical needs and the nature of the defendant's response to those needs have been established, a determination of whether "deliberate indifference" has been established can be made. The requirement of deliberate indifference is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because "[t]he State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns." *Hudson*, 503 U.S. at ----, 112 S. Ct. at 998. However, there are certain minimum requirements before deliberate indifference can be established. First, there must be a purposeful act or failure to act on the part of the defendant. "An *accident*, although it may produce added anguish, is not on that basis *alone* to be characterized as wanton infliction of unnecessary pain" sufficient to demonstrate deliberate indifference, *Gamble*, 429 U.S. at 105, 97 S. Ct. at 291 (emphases added), nor does "an inadvertent failure to provide adequate medical care" by itself to create a cause of action under § 1983. *Id.* A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.

* * *

Once those prerequisites are met, it is up to the factfinder to determine whether or not the defendant was "deliberately indifferent" to the prisoner's medical needs. A finding that the defendant's neglect of a prisoner's condition was an "isolated occurrence," *Wood v. Housewright*, 900 F.2d

1332, 1334 (9th Cir.1990), or an "isolated
exception," *Toussaint v. McCarthy*, 801 F.2d
1080, 1111 (9th Cir. 1986), to the
defendant's overall treatment of the prisoner
ordinarily militates against a finding of
deliberate indifference.  On the other hand,
a finding that the defendant repeatedly
failed to treat an inmate properly or that a
single failure was egregious strongly
suggests that the defendant's actions were
motivated by "deliberate indifference" to the
prisoner's medical needs.  *See, e.g., Ortiz
v. City of Imperial*, 884 F.2d 1312, 1313–14
(9th Cir. 1989)(*per curiam*); *Hunt v. Dental
Dept.*, 865 F.2d 198, 201 (9th Cir. 1989).  In
sum, the more serious the medical needs of
the prisoner, and the more unwarranted the
defendant's actions in light of those needs,
the more likely it is that a plaintiff has
established "deliberate indifference" on the
part of the defendant.

*Id.* at 1059–61.

## A.    Plaintiff's Claim Against TRCI Concerning Plaintiff's Medical Needs from July to December 2006.

The Magistrate Judge recommends denying Plaintiff's Motion

for Summary Judgment and granting Defendants' Motion for Summary

Judgment as to Plaintiff's claim for deliberate indifference to

Plaintiff's serious medical needs by TRCI.

Plaintiff challenges numerous factual findings by the

Magistrate Judge related to Plaintiff's medical care while he was

incarcerated at TRCI.  The Court has reviewed all of Plaintiff's

Objections *de novo* and does not find any error that justifies

modifying or rejecting the Magistrate Judge's conclusion in the

Findings and Recommendation that Plaintiff has not provided any

evidence of deliberate indifference on the part of TRCI.  For

15 - ORDER

example, Plaintiff's repeated claim that he was not provided with medical care from July 2006 to December 2006 is plainly contradicted by the medical records that Plaintiff submitted with his Amended Complaint.  Those records show Plaintiff was evaluated by TRCI medical staff on at least five occasions between Plaintiff's initial complaint of back pain on or about July 26, 2006, and September 11, 2006.  Those records also reflect Plaintiff's pain complaints were variable during those five evaluations.

In any event, the Court need not address Plaintiff's Objections in detail here because, as noted, Plaintiff brings this claim against only one TRCI Defendant, Superintendent Guy Hall.  Plaintiff has not alleged or provided any evidence that Defendant Hall had any role in Plaintiff's medical care at TRCI, and Plaintiff has not named as a defendant any of the individuals on the TRCI medical staff who were involved in Plaintiff's medical care.  Because § 1983 does not provide for *respondeat superior* liability, Superintendent Hall cannot be held liable for the deliberate indifference of other members of the TRCI staff by virtue of his role as Superintendent alone.  *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691-94 (1978). *See also King v. Atiyeh,* 814 F.2d 565, 568 (9th Cir. 1987). Plaintiff also has not made any assertions that there were any policies or practices at TRCI that might give rise to a *Monell*

claim nor has Plaintiff pled such a claim.

Ultimately the Court concludes there is not any genuine dispute as to any material fact with respect to Plaintiff's claim against Defendant Hall, the only named TRCI Defendant.  Thus, Plaintiff's Objections to the Magistrate Judge's analysis of Plaintiff's claim concerning his medical care at TRCI do not provide a basis for modifying or for rejecting the Magistrate Judge's recommendation to deny Plaintiff's Motion for Summary Judgment and to grant Defendants' Motion for Summary Judgment with respect to Plaintiff's claim against Defendant Hall.

**B.    Plaintiff's Claim Against SRCI Concerning Plaintiff's Medical Needs Since December 2006.**

The Magistrate Judge also recommends the Court deny Plaintiff's Motion for Summary Judgment and grant Defendants' Motion for Summary Judgment as to Plaintiff's claim against SRCI Defendants Nooth, Elliot-Blakeslee, Dean, Hicks, Gilmore, and Hodge.  Although the Magistrate Judge does not set out any specific recommendation with respect to Defendant Nooth, the SRCI Superintendent, the Court dismisses Plaintiff's deliberate indifference claim against Defendant Nooth for the same reasons as set out above regarding Defendant Hall.

Plaintiff alleges the SRCI Defendants showed deliberate indifference to his serious medical needs when (1) they delayed providing him medical care for his back pain and resulting numbness; (2) Defendant Elliot-Blakeslee prescribed Plaintiff

both Wellbutrin and Vicodin, a combination of prescriptions
Plaintiff asserts is dangerous; (3) Plaintiff was required to see
SRCI physician specialist Jodean Elliot-Blakeslee, M.D., for
treatment rather than physician Garth Gulick, M.D.; (4) Elliot-
Blakeslee refused Plaintiff's request for an x-ray on
February 11, 2008; (5) Elliot-Blakeslee falsely noted Plaintiff
"refused [a pain] injection because [Plaintiff] is afraid of
needles"; (6) Nurse King (not a named defendant) filed a false
misconduct charge against Plaintiff for shouting an obscenity at
her; (7) Nurses Voile and Multon (not named defendants) altered
Plaintiff's medical record to delay his back surgery; and
(8) Defendant Dean did not provide Plaintiff's medical records to
him for more than a year after his initial request.

The Magistrate Judge sets out in detail the course of
Plaintiff's medical treatment at SRCI (Findings and
Recommendations at 7-11) and concludes the record does not
support Plaintiff's factual allegations.  In addition, the
Magistrate Judge finds those allegations are not sufficient to
permit a finding that Defendants violated Plaintiff's Eighth
Amendment rights because Plaintiff received consistent medical
treatment for his conditions without undue delay and Plaintiff's
difference of opinion with respect to the course of treatment
does not give rise to or support a claim of deliberate
indifference.  Specifically, the Magistrate Judge noted Plaintiff

18 - ORDER

had not provided sufficient evidence to show SRCI Defendants had the subjective state of mind to act with deliberate indifference to Plaintiff's serious medical needs.

Plaintiff objects to these portions of the Findings and Recommendation on the following grounds:  (1) the Magistrate Judge erred in his summary of the timeline of Plaintiff's medical treatment at SRCI with respect to the dates that Plaintiff's MRI was approved and performed and when his back surgery was approved; (2) Plaintiff's allegations of severe pain and delayed treatment are sufficient to warrant denial of summary judgment; and (3) Nurses Voile and Multon deliberately delayed scheduling Plaintiff's surgery.

**A.    Timeline of Plaintiff's Medical Treatment.**

Plaintiff contends the Magistrate Judge erred when he found that Plaintiff was approved for an MRI on his lower back on March 28, 2007; that Plaintiff was given an MRI on April 9, 2007; and that Plaintiff was approved for surgery on July 9, 2007.

Plaintiff contends he was approved for an MRI in early March 2007 and underwent the MRI examination on March 19, 2007.  Pages 4-8 of the documents Plaintiff submitted in support of his Amended Complaint, however, corroborate the Magistrate Judge's finding that the MRI was proposed on March 21, 2007; approved on March 28, 2007; performed on April 9, 2007; and Plaintiff's consulting neurologist, Kenneth M. Little, M.D., recommended a

hemilaminectomy and microdiscectomy on July 9, 2007.  Thus, the
Court concludes Plaintiff's assertions to the contrary are not a
basis for finding error on the part of the Magistrate Judge.

**B.    Allegations of Delayed Medical Treatment for
Plaintiff's Significant Pain.**

Plaintiff cites numerous Supreme Court and Ninth Circuit
cases apparently challenging the standards relied on by the
Magistrate Judge in his analysis of Plaintiff's § 1983 claim
against SRCI Defendants for deliberate indifference to his
serious medical needs.  The Court has reviewed the legal
standards relied on by the Magistrate Judge and does not find
Plaintiff's Objections provide any basis to conclude the
Magistrate Judge erred by following incorrect standards when he
considered the parties' cross-motions for summary judgment.

In any event, Plaintiff cites to a number of cases in which
the courts rely on the standard for analyzing motions to dismiss.
Here the Court is resolving the parties' Motions for Summary
Judgment, and the standard for such motions, in contrast to the
standards for analyzing motions to dismiss, requires the Court to
assess the evidentiary record to determine whether the parties
have met their respective burdens to show that a genuine dispute
exists as to any fact that is material to Plaintiff's claims.

The medical records Plaintiff submitted with his Amended
Complaint as to his medical care while in custody at SRCI and the
Declaration (#63) of Dr. Elliot Blakeslee make clear that no

20 - ORDER

rational juror could conclude the SRCI Defendants were deliberately indifferent to Plaintiff's serious medical needs while he was incarcerated at SRCI.   Plaintiff made a sick call on February 16, 2007, and was scheduled to see SRCI physician Dr. Gulick.   On February 27, 2007, Plaintiff was examined by Dr. Gulick, who ordered an x-ray of Plaintiff's lower back and prescribed Plaintiff prednisone to help ease Plaintiff's pain. On March 5, 2007, Plaintiff underwent x-rays of his lower back. On March 21, 2007, Dr. Gulick reviewed the x-rays with Plaintiff and requested an MRI.   Plaintiff reported the prednisone had helped his back pain.   As noted, SRCI approved the MRI on March 28, 2007, and it was performed on April 9, 2007.   Dr. Little, a neurologist, examined Plaintiff on April 11, 2007, and again on May 25, 2007.   On June 7, 2007, Dr. Elliot-Blakeslee saw Plaintiff for his complaints of back pain and prescribed Baclofen and Vicodin to ease his pain and issued him a cane to assist him with walking.   On June 15, 2007, Dr. Elliot-Blakeslee again examined Plaintiff for complaints of pain and increased his dosage of Vicodin.   On June 20, 2007, SRCI approved Plaintiff for surgery.   On July 9, 2007, Dr. Little examined Plaintiff again and, based on his examinations, the x-rays, and the MRI results, recommended Plaintiff to undergo back surgery to address a bulging disc in his lower back.   Plaintiff had the surgery eight days later on July 17, 2007.

21 - ORDER

In addition, Dr. Elliot-Blakeslee attested in her Declaration that she provided Plaintiff with follow-up care after his surgery through December 2008.  She reports consistent and appropriate attention to Plaintiff's medical needs.  Although Plaintiff sets out numerous disagreements with the prescribed course of treatment, such disagreements, as noted, are insufficient to support a claim of deliberate indifference under the Eighth Amendment.  *See Estelle*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice, and as such the proper forum is the state court.").  In addition, Plaintiff has not provided any evidence in this record to demonstrate the state of mind of any named Defendant indicated an intent to purposefully ignore Plaintiff's medical needs.  *See McGuckin*, 947 F.2d at 1060-61.

The frequency of treatment, including medication that Plaintiff's physicians adjusted to help relieve Plaintiff's pain; the reliance on consulting opinions and diagnostic tests; the ultimate surgical treatment of Plaintiff's pain; and the follow-up care Plaintiff received support the Magistrate Judge's recommendation to deny Plaintiff's Motion for Summary Judgment and to grant Defendants' Motion for Summary Judgment.

### C.    Allegations of Delayed Treatment by Nurses Voile and Multon.

Plaintiff also contends the Magistrate Judge erred by

22 - ORDER

failing to properly assess his claims that Nurses Voile and Multon purposefully delayed Plaintiff's appointment in late May 2007 to sign his surgical-release forms. Plaintiff contends the Nurses intentionally rescheduled his appointment without notifying him and then denied doing so.

The Magistrate Judge appropriately notes Nurses Voile and Multon are not defendants in this matter. In any event, Plaintiff has not provided any evidence to suggest Nurses Voile and Multon acted deliberately to delay his treatment knowing Plaintiff's serious medical needs. An accident or inadvertent mistake on the part of Nurses Voile or Multon would be insufficient to sustain Plaintiff's claim even if Plaintiff named them as defendants. *See id.* At 1060. In addition, as noted, Plaintiff was not approved for surgery by SRCI until June 20, 2007, and Plaintiff's neurologist did not recommend surgery until July 9, 2007. Even if Plaintiff's allegations were true, nothing in the record suggests a delay of a few days for Plaintiff to sign his release forms caused any delay of the recommendation and approval of his surgery. Thus, the Court concludes Plaintiff's Objection does not provide a basis for modifying or for rejecting the Findings and Recommendation.

**IV. Plaintiff's Claim Against Defendant Risk Management.**

In his Amended Complaint Plaintiff named "Risk Management" as a Defendant. The Magistrate Judge assumed Plaintiff intended

23 - ORDER

to name Risk Management Administrative Services, Inmate Claims
Unit, an agency of the State of Oregon that Plaintiff named in
his original Complaint.  The basis on which Plaintiff asserts any
claim against Defendant Risk Management is unclear from
Plaintiff's pleadings.  Ultimately the Magistrate Judge concluded
Risk Management, as an agency of the State of Oregon, is immune
to a lawsuit by Plaintiff.  Thus, the Magistrate Judge recommends
denying Plaintiff's Motion for Summary Judgment and granting
Defendants' Motion for Summary Judgement to the extent that
Plaintiff, in fact, asserts a claim against Defendant Risk
Management.  Plaintiff appears to object to that portion of the
Findings and Recommendation, but he does not set out any specific
bases for asserting the Magistrate Judge erred.  The Court,
nevertheless, has reviewed the record and the legal authority
cited by the Magistrate Judge and does not find any error in the
Magistrate Judge's analysis that justifies modifying or rejecting
the Findings and Recommendation.

In summary, the Court has performed a *de novo* review of the
record in relation to each of the Objections raised by Plaintiff
and concludes none of those Objections provide a basis to modify
or to reject the Findings and Recommendation.  The Court also has
reviewed the legal principles relating to those portions of the
Findings and Recommendation to which the parties did not object
and does not find any legal error.

24 - ORDER

## **CONCLUSION**

Accordingly, the Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#88). Accordingly, the Court **DENIES** Plaintiff's Motion (#34) for Summary Judgment, **GRANTS** Defendants' Motion (#59) for Summary Judgment, and **DISMISSES with prejudice** this matter in its entirety with respect to each Defendant named in Plaintiff's Amended Complaint.

IT IS SO ORDERED.

DATED this _27ᵗʰ_ day of September, 2011.

ANNA J. BROWN
United States District Judge